RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  3 / 25 / 14

UNITED STATES DISTRICT COURT                          a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MICHAEL DAVID SMITH                 DOCKET NO. 13-CV-2949; SEC. P

VERSUS                              JUDGE DRELL

WARDEN DEAN DOVE                    MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Pro se petitioner Michael David Smith filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate at the Natchitoches Parish Detention Center. He challenges his parole revocation and the calculation of his sentence following the revocation.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Petitioner previously filed a Section 2241 petition in this Court on April 10, 2012, alleging that his probation was wrongfully revoked because he was one day late on a one hundred dollar restitution payment. He complained that the money was even paid in full before he was actually arrested. Petitioner argued that his probation could only be revoked for commission of another felony, not for failing to pay restitution on time. The Petition was dismissed for failure to exhaust state court remedies. [1:12-859]

Petitioner is back before the Court with another Section 2241 petition. In this petition, he claims that the Department of

Corrections and Thirtieth Judicial District Court have improperly calculated the time that he has to serve as a result of his probation revocation.   He also challenges the merits of the revocation, which he alleges was based on his failure to make a restitution payment.

### Law and Analysis

As the Court stated in reviewing the prior petition filed by Smith, exhaustion of state court remedies is required for habeas petitions.   See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987).   In this new Section 2241 petition, Petitioner still does not allege, nor does his petition indicate, that he exhausted state court remedies. Additionally, another review of the presumptively reliable published jurisprudence of the Louisiana Supreme Court reveals no writ judgments following the parole revocation. Therefore it appears that Petitioner has still not exhausted state court remedies prior to seeking relief in federal court.

Generally, the habeas exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988).   That is, **the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant *before* those claims are heard in federal court**.   Picard v. Connor, 404 U.S. 270, 275

(1971).  Petitioner should also note that a federal habeas petition that contains unexhausted claims must be dismissed in its entirety. Thomas v. Collins, 919 F.2d 333, 334 (5th Cir.1990); Bautista v. McCotter, 793 F.2d 109, 110 (5th Cir.1986).

Petitioner alleges that his challenge to the computation of his sentence was brought through the Department's administrative grievance process.  However, it does not appear that he sought judicial review in the Nineteenth Judicial District Court, East Baton Rouge Parish.  See La. R.S. 15:1177 and R.S. 15:571.15.[1]  If unsuccessful at the district court level, Petitioner could then appeal the decision to the Louisiana First Circuit Court of Appeals.  See La. R.S. 15:1177A(10) and R.S.13:312(1).  Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Louisiana Supreme Court.  See La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

In sum, a habeas petition is the proper vehicle for challenging the fact or duration of incarceration.  However, Petitioner must completely exhaust his claims before filing such habeas corpus petition.[2]

_____

[1] La. R.S.15:571.15 provides, "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge..."

[2] "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller, 11 F.3d

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus under Section 2241 be **DISMISSED** without prejudice for failure to properly exhaust state remedies.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

---

at 62. Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and Petitioner has not alleged any extraordinary circumstances in this case.

Thus done and signed at Alexandria, Louisiana, this 24 day
of August, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5